**In the Interest of L.F., NCM, Appellant.**

**No. 2–88–171–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 8, 1988.

L. Kipp Schiller, Henry, Hatcher, Grisham & Schiller, Gainsville, for appellant.

Michael Shepherd, Asst. County Atty., Gainesville, for appellee.

Before BURDOCK, HILL and FARRIS, JJ.

OPINION

HILL, Justice.

L.F. appeals from the trial court's judgment modifying an order directing out-patient mental health services and ordering L.F.'s committment to the Wichita Falls State Hospital for a period not to exceed ninety days from June 23, 1988. In eleven points of error, L.F. contends that the trial court erred in admitting certain medical evidence because he was not informed that communications were non-privileged and would be used against him in a court of law; in reviewing certain videotape depositions because he was not given five-day notice by certified mail and because they were not offered or admitted into evidence; in overruling his objection to the testimony of Bud Ford, Judy Ford, and Paul Sadau, even though their names were not timely provided in response to his motion for discovery; in entering judgment modifying the order for out-patient treatment to committment since there is no evidence, or insufficient evidence, to support the court's determination that L.F.'s condition has so deteriorated that out-patient mental health services were no longer appropriate.

We reverse and render judgment that the motion to modify be overruled, because we find that the trial court's determination that L.F.'s condition had so deteriorated that out-patient services are no longer appropriate was not supported by the certificates of medical examination on file at the time of the hearing, as it was required to be by article 5547–53(f), Texas Revised Civil Statutes Annotated (Vernon Supp.1988), nor was it supported by the medical evidence presented at the hearing.

L.F. contends in points of error numbers ten and eleven that there is no evidence or insufficient evidence to support the trial court's determination that L.F.'s condition had so deteriorated that out-patient mental health services were no longer appropriate.

L.F. contends the evidence is insufficient because it is not supported by a certificate of medical examination as required by article 5547–53(f), Texas Revised Civil Statutes

Annotated. At the time of the hearing there were two certificates of medical examination on file. These certificates are certificates which certify to those facts necessary to support an order for extended mental health services. Such certificates are required by article 5547–46, Texas Revised Civil Statutes Annotated (Vernon Supp.1988), in connection with hearings on applications for such an order. The hearing which has been appealed is not from an order for extended mental health services. This is an appeal from an order modifying a previous order for extended out-patient mental health services for L.F., based upon the trial court's determination that L.F.'s condition has so deteriorated that out-patient mental health services are no longer appropriate. The certificates on file do not certify to those facts which would support an order of modification of an order for out-patient mental health services.

Article 5547–53(e) provides that, "the court may modify the order if it determines that the person continues to meet the applicable criteria for court-ordered mental health services in Section 50 or 51 of this code and that either: (1) the person has not complied with the court's order; or (2) the person's condition has so deteriorated that out-patient mental health services are no longer appropriate." Article 5537–53(f) provides that "[t]he court's determination with regard to modification shall be supported by at least one Certificate of Medical Examination for Mental Illness prepared by a physician based on an examination conducted within the seven days immediately preceding the modification hearing." Since the certificates on file do not support the trial court's determination that L.F.'s condition has so deteriorated that out-patient mental health services are no longer appropriate, the requirement of article 5547–53(f) was not met. We note the medical testimony presented at the hearing also does not present evidence supporting the trial court's finding. We sustain point of error number ten. In view of our determination with regard to point of error number ten, we need not consider the remaining points of error.

We reverse the order modifying the order for out-patient mental health services and render judgment that the motion for modification be overruled.